IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISRICT OF PENNSYLVANIA

ELIZABETH. JOHNSON,         )
                            )
   Plaintiff,               ) No. 14-828

V.

CAROLYN W. COLVIN,
Commissioner of Social
Security,

   Defendant.

## SYNOPSIS

Plaintiff filed an application for supplemental social security income under Title XVI, of the Social Security Act. Plaintiff alleged disability due to various impairments, including autism, Asperger's syndrome, and an overactive bladder, with an alleged onset date of January 1, 1992. Her application was denied initially, and upon hearing before an Administrative Law Judge ("ALJ"). Plaintiff now appeals to this Court. For the following reasons, Plaintiff's Motion will be denied, and Defendant's granted.

## OPINION

### I. STANDARD OF REVIEW

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002).

1

Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

## II. PLAINTIFF'S MOTION

Plaintiff contends that the ALJ improperly rejected the opinions of her treating psychiatrist, Dr. Lesaca, and psychological consulting examiner Dr. Pacella. In a mental residual functional capacity ("RFC") questionnaire, Dr. Lesaca checked "seriously limited" in every functional domain listed, "due to depression and ADHD." Those domains included being aware of normal hazards and taking appropriate precautions; getting along with co-workers or peers without unduly distracting them or exhibiting behavioral extremes; and understanding and remembering very short and simple instructions. Dr. Pacella, in turn, checked "moderate" for impairments in

understanding, remembering, and carrying out detailed instructions, making judgments on simple work-related decisions, interacting appropriately with the public and supervisors. He checked "marked" for limitations in responding appropriately to pressures or changes in work setting. Unlike Dr. Laseca, however, Dr. Pacella found no limitations in understanding, remembering, or carrying out short, simple instructions. Dr. Pacella concluded that Plaintiff "presents as a very marginal candidate to work within a schedule, attend to a task or sustain a consistent, competitive routine."

An ALJ should give "treating physicians' reports great weight, 'especially when their opinions reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time.'" Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999)). Nonetheless, "[t]he ALJ is entitled to disregard treating physician opinions that are conclusory, unsupported by the medical evidence, or internally inconsistent." Harris v. Astrue, 886 F. Supp. 2d 416, 424 (D. Del. 2012); see also Vergith v. Colvin, 2014 U.S. Dist. LEXIS 119359, at *26 (W.D. Pa. Aug. 27, 2014); Covington v. Astrue, 2011 U.S. Dist. LEXIS 43686, at *7 n.3 (E.D. Pa. 2011). Moreover, forms that "require only that the completing physician 'check a box or fill in a blank,' rather than provide a substantive basis for the conclusions stated, are considered 'weak evidence at best" in the context of a disability analysis.'" Smith v. Astrue, 359 Fed. Appx. 313, 316 (3d Cir. 2009) (citing Mason v. Shalala, 994 F.2d 1058, 1065 (3d Cir. 1993)). An ALJ is entitled to accord lesser weight to an opinion – even of a treating source – on a check-box form. Prokopick v. Comm'r of Soc. Sec., 272 Fed. Appx. 196

3

Here, the ALJ did not entirely disregard the opinions reflected in the forms completed by Dr. Lesaca or Dr. Pacella.[1]  Instead, she chose to afford them "some weight," and found only that certain specified conclusions were unsupported – i.e., Dr. Lesaca's finding that Plaintiff was seriously limited in all functional abilities, and Dr. Pacella's finding that Plaintiff would have a marginal ability to sustain a schedule or routine.[2]  Other limitations, such as moderate limitations in social functioning and concentration, persistence, and pace, were accepted and addressed in the RFC.   The RFC contained the following non-exertional limitations: unskilled, entry-level work; cannot use money as part of the job; requires a stable workplace, where workplace and work process remain the same; and limited to moderate noise exposure.

The ALJ explained her reasons for taking this approach to the medical evidence.  For example, the ALJ noted, Plaintiff was home-schooled until 2006, and then attended school.  She graduated from high school in 2010, and was independent in self-care.  Treatment records noted that Plaintiff got along with her teachers and classmates while at school.  She later attended the Art Institute for six quarters, but was dismissed for academic reasons.  The ALJ noted testimony from Plaintiff's mother that Plaintiff would not be able to get along with mean-spirited people, but would be able to get along with others in a work environment if they respected her.  Thus, the ALJ explained her reasons for rejecting certain aspects of the opinions of Drs. Lesaca and Pacella, and I find no error in that regard.

## CONCLUSION

---

[1] Brownawell v. Commissioner, 554 F.3d 352 (3d Cir. 2008) differs from this case.  In Brownawell, the ALJ mischaracterized the medical record, and rejected the opinion of a treating physician who "clearly" thought his patient was totally disabled.  Such is not the case here.  Additionally, contrary to Plaintiff's suggestion, the ALJ did not merely substitute her judgment for that of the providers, or draw her own conclusions from the providers' treatment notes.

[2] I note, in any event, that "marginal ability" does not mean inability.  "Marginal ability," instead, suggests an ability at or close to the lowest acceptable limit.  Encarta Dictionary: English (North American).

In sum, although I appreciate Plaintiff's concise and well-reasoned arguments, I am constrained to conclude that the ALJ's conclusion was supported by substantial evidence. Plaintiff's Motion for Summary Judgment will be denied, and Defendant's granted. An appropriate Order follows.

**ORDER**

AND NOW, this 13th day of November, 2014, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion for Summary Judgment is DENIED, and Defendant's GRANTED.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District Court